## BIALY v. BIALY.

DIVORCE—ALIMONY—SUIT MONEY—DECREE.

> Where complainant in a divorce case appealed from the decree of the circuit court granting her alimony, from which order defendant likewise appealed and which the Supreme Court affirmed; and pending the appeal complainant secured an order awarding $2,500 to be paid to her without determining whether the payment should be deducted from the total alimony awarded or be treated as suit money in addition thereto, a final decree that omitted all reference to the point reserved, and that affirmed the decree of the lower court, could not be treated as an adjudication that the amount paid should be in addition to the permanent alimony, and it is *held*, that the payment so ordered and made should be credited to defendant as a payment of permanent alimony.

Appeal from Bay; Collins, J. Submitted April 11, 1913. (Docket No. 52.) Decided May 28, 1913.

Bill by Carrie A. Bialy against Robert C. Bialy for

divorce. After affirmance on appeal, complainant applied for an attachment to enforce the payment of the decree. From an order fixing the balance to be paid, complainant appeals. Affirmed.

*Stoddard & McMillan,* for complainant.

*C. E. Pierce* and *L. G. Beckwith,* for defendant.

BROOKE, J. Complainant secured a decree of divorce from defendant together with permanent alimony in the sum of $100,000. From this decree complainant appealed. In the prosecution of said appeal complainant expended very considerable sums of money for expenses and counsel fees.

The decree of the lower court was affirmed by this court. *Bialy* v. *Bialy,* 167 Mich. 559 (133 N. W. 496, Ann. Cas. 1913A, 800). The concluding paragraph of the opinion states that:

"The decree is affirmed, without costs, except that each party will pay one-half the cost of printing the record."

While complainant's appeal was pending in this court, she made a motion for an order allowing her certain sums as alimony *pendente lite* and for expenses and counsel fees incident to the appeal. This court carefully considered complainant's application and made an order requiring defendant to pay to her or her solicitors the sum of $2,500. In making this order this court said:

"The question as to whether this sum shall be eventually charged to the defendant or to be allowed to him as a payment in part of the decree for alimony made by the circuit court for the county of Bay, in chancery, or by this court, is expressly reserved."

This court in determining the main issue between the parties overlooked the fact that the question as to how the $2,500 paid under the order should be

finally credited was reserved, and a formal decree of affirmance was entered without the attention of the court having been called to that fact.

Defendant has now paid the entire award, except $3,500, if he is not entitled to credit for the $2,500 paid upon the order of this court, and all except $1,000 if he is entitled to such credit. A precept for an attachment having been issued in the circuit court, the question was heard, and it was there determined that defendant should have credit for the sum in dispute, and that he should pay to complainant the sum of $1,000 and interest in full satisfaction of the decree. This sum ($1,100.56) the defendant has deposited with the register of the court. Complainant appeals from the order, contending that the allowance was made to meet the expenses of appeal and for her support during the pendency of the appeal.

Counsel say:

"The court was not asked in the motion for an order requiring defendant to make a payment upon the decree that had been appealed from, nor did this court make any such order. The money having been ordered paid as expense money and for temporary alimony, and this court not having decreed that complainant be charged and defendant credited with the amount upon the decree, he is not entitled to such credit. The affirmance of the decree by this court, without qualification, is equivalent to a finding and order that it should not be so credited. We do not know whether or not this court had in mind the order under which the $2,500 was paid when, by its decree of December 8, 1911, it affirmed the decree of the court below, nor is this fact material, for the legal effect of the decree of affirmance is that the $2,500 is not charged to complainant as part payment of permanent alimony awarded to her."

A complete answer to this contention is to be found in the words of the order and in the fact that this court has never determined, nor been asked to determine, the reserved question.

We have no hesitation in agreeing with the conclusion reached by the learned circuit judge. It should be borne in mind that complainant took nothing by her appeal. Her permanent alimony was not increased, though that was the only contention urged by her upon the appeal. We have already held that the award made was "reasonable and just under the circumstances." We do not think defendant should be penalized because complainant believed the award too small and sought at large expense, though unsuccessfully, to establish the justice of her contention in this court.

The order appealed from will stand affirmed, with costs to appellee.

STEERE, C. J., and MOORE, McALVAY, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.